AO 91 (Rev. 11/11) Criminal Complaint    AUSA Christopher V. Parente (312) 886-2447

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JUN 1 2 2015
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES OF AMERICA

v.

ANDREW SHELTON

CASE NUMBER: 15CR 350

## CRIMINAL COMPLAINT MAGISTRATE JUDGE GILBERT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about June 9, 2015, at Chicago, in the Northern District of Illinois, Eastern Division, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 922(g)(1) | previously having been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm, namely: a (1)Ruger, .22 caliber pistol, bearing serial number 490-63599; (2) Ruger, .22 caliber pistol, bearing serial number 490-63624; and (3) Ruger, Model Sp101, .22 caliber revolver, bearing serial number 577-26144, which firearm had traveled in interstate commerce prior to defendant's possession of the firearm |

This criminal complaint is based upon these facts:

__X__ Continued on the attached sheet.

JASON VACHY
Task Force Officer, Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF)

Judge's signature

Sworn to before me and signed in my presence.

Date: June 12, 2015

City and state: Chicago, Illinois

JEFFREY T. GILBERT, U.S. Magistrate Judge
*Printed name and Title*

| | |
|---|---|
| UNITED STATES DISTRICT COURT | ss |
| NORTHERN DISTRICT OF ILLINOIS | |

### AFFIDAVIT

I, JASON VACHY, being duly sworn, state as follows:

1. I am a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms, and Explosives. I have been so employed since approximately 2007. My current responsibilities include the investigation of criminal violations relating to the federal firearms laws, including Title 18, United States Code, Sections 922 and 924.

2. This affidavit is submitted in support of a criminal complaint alleging that Andrew SHELTON (SHELTON) has violated Title 18, United States Code, Section 922(g)(1). Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging SHELTON with possession of a firearm by a prohibited person, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant committed the offense alleged in the complaint.

3. This affidavit is based on my personal knowledge, and on information I have received from other law enforcement personnel and from persons with knowledge regarding relevant facts.

## RUGER FIREARM SHIPMENT ROBBERY

4. On April 12, 2015, a cargo train containing 318 firearms from the Ruger factory in New Hampshire (the "Ruger Shipment"), which were enroute to Spokane, Washington, was parked overnight at a rail yard in Chicago, located at 8000 South Chicago Avenue. The train arrived at the rail yard at approximately 1:20 a.m. on April 12, 2015.

5. Later that morning, at approximately 7:00 a.m., a railroad employee inspecting the cargo train noticed that multiple locks and seals from the cargo train were cut open. Law enforcement later responded to the rail yard and recovered numerous broken locks and seals from the cargo train, a pair of bolt cutters, and a loose Ruger magazine.

6. An examination of the serial numbers on the broken seals recovered at the rail yard revealed that the numbers matched the serial numbers for the seals on the original bills of lading from the Ruger Shipment.

7. The cargo train continued to its final destination in Spokane, Washington. ATF agents inspecting the train in Spokane opened the Ruger Shipment and determined that a total of 111 firearms were missing from the shipment.

8. Since April 12, 2015, law enforcement has recovered six firearms in unrelated incidents throughout the City of Chicago with serial numbers matching the bill of lading from the Ruger Shipment. Law enforcement has also recovered an

additional ten firearms from this shipment through search warrants executed in the Chicagoland area.

## CONFIDENTIAL SOURCE INFORMATION

9. On May 16, 2015, two individuals (the CS and Individual A[1]) were arrested by Chicago Police attempting to steal items from the rail yard located at 8000 South, South Chicago. One of the individuals, the confidential source (CS)[2], informed law enforcement that he had information regarding the recent theft of guns from the rail yard and wanted to cooperate.

10. The CS told law enforcement that he had information that the recent theft of guns from the rail yard was committed by an individual he identified as Cooperating Defendant 1.[3] The CS told law enforcement that he was in a vehicle with Individual A on a Sunday in mid-April, 2015,[4] when Individual A received a telephone call from Cooperating Defendant 1.[5] The CS overheard Individual A and Cooperating Defendant 1 discussing the firearms robbery and Individual A told Cooperating Defendant 1 he would stop by his residence later to examine the firearms.

---

[1] Individual A has prior felony convictions for burglary and narcotics related offenses.

[2] The CS was not charged by law enforcement for the May 16, 2015, theft due to his cooperation in this case. The CS has four prior felony convictions for minor narcotics related offenses. No promises have been made to the CS about what final consideration, if any, he may receive.

[3] Cooperating Defendant 1 has multiple felony convictions for burglaries and theft, as well as convictions for trespassing, possession of burglary tools, and aggravated battery with a firearm.

[4] April 12, the day of the robbery, was in fact a Sunday.

[5] Telephone records confirm an outgoing call from Cooperating Defendant 1 to Individual A on April 12, 2015.

11. A few days later, the CS stated that he again met with Individual A and Individual A told the CS that Individual A went to Cooperating Defendant 1's residence and examined the firearms. The CS stated that Individual A told the CS he observed a bunch of new guns still in the boxes at Cooperating Defendant 1's residence. Individual A also told the CS that there were numerous .22 caliber firearms which is consistent with the information from Ruger that approximately 70 of the stolen firearms were .22 caliber firearms.

## CELL SITE EVIDENCE

12. On June 3, 2015, law enforcement received historical cell site records for Cooperating Defendant 1's phone number ending in 4149 pursuant to a court order. An examination of the records show that Cooperating Defendant 1's telephone was utilizing the cell tower nearest to the location of the train robbery location at 3:41 a.m., 4:55 a.m. and 5:09 a.m. on April 12, 2015.

## ARREST OF COOPERATING DEFENDANT 1

13. A criminal complaint and arrest warrant was issued by United States Magistrate Judge Jeffrey Gilbert charging Cooperating Defendant 1 with possession of a firearm by a prohibited person. Cooperating Defendant 1 contacted ATF agents and self-surrendered at ATF headquarters in Chicago.

14. After being advised of his *Miranda* rights, Cooperating Defendant 1 agreed to speak to law enforcement. In a video-recorded statement, Cooperating Defendant 1 admitted to participating in the April 12, 2015, Ruger firearm robbery. Cooperating Defendant 1 explained that he committed the robbery with nine other

individuals and that each of the nine individuals took approximately 13 firearms from the Ruger shipment. Cooperating Defendant 1 stated he kept one of the firearms for himself and sold 12 firearms to an individual known as "Chuck" who paid him approximately $2,200 for the 12 firearms.

15. Cooperating Defendant 1 identified one member of the robbery crew as an individual known to Cooperating Defendant 1 as "Manki." Cooperating Defendant 1 later identified a photograph of Andrew SHELTON as the individual he knows as "Manki." Law enforcement records confirm that SHELTON is a convicted felon and thus prohibited from possessing firearms.

16. Cooperating Defendant 1 stated that SHELTON stole approximately 13 firearms from the Ruger shipment. A day or two after the robbery, in April 2015, Cooperating Defendant 1 accompanied SHELTON to a residence to visit Individual B, who Cooperating Defendant 1 knew to be a relative of SHELTON. While at the residence with SHELTON, Cooperating Defendant 1 observed SHELTON sell Individual B one of the stolen firearms from the Ruger shipment for approximately $300. Cooperating Defendant 1 also witnessed SHELTON and Individual B discussing plans for Individual B to sell additional firearms to Individual B's co-workers.

17. On June 5, 2015, the day after law enforcement executed a search warrant at Cooperating Defendant 1' residence, another member of the robbery crew,

Individual C,[6] contacted Cooperating Defendant 1 by telephone. During the conversation, Individual C told Cooperating Defendant 1 that Individual C and SHELTON had moved the remaining stolen firearms to Individual B's residence to avoid law enforcement detection.

### SEARCH OF RESIDENCE

18. On June 9, 2015, a federal search warrant was executed at Individual B's residence. During the search, law enforcement recovered three firearms which have been identified as being stolen from the Ruger shipment. The three firearms are (1)Ruger, .22 caliber pistol, bearing serial number 490-63599; (2) Ruger, .22 caliber pistol, bearing serial number 490-63624; and (3) Ruger, Model Sp101, .22 caliber revolver, bearing serial number 577-26144.

19. In an interview with law enforcement, Individual B stated that the three firearms identified are owned by SHELTON. Individual B further stated that he/she was aware that SHELTON stole items from trains and occasionally stores firearms at Individual B's residence.

20. Individual D, another relative of SHELTON's who lives at Individual B's residence, informed law enforcement that SHELTON recently brought Individual D a firearm to hold for SHELTON. Individual D stated that Shelton removed the firearm from his waistband using his t-shirt to handle the firearm and wrapped the firearm in a dish towel before handing it to Individual D. Individual D further

---

[6] Individual C was identified by Cooperating Defendant 1 as a member of the April 12, 2015, Ruger robbery crew.

stated that SHELTON had asked him to hold this gun for him on one or two previous occasions.

## CONCLUSION

21. Based upon the above information, there is probable cause to believe that on or about June 9, 2015, SHELTON, having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm, which firearm had traveled in interstate commerce prior to defendant's possession of the firearm

FURTHER AFFIANT SAYETH NOT.

_____
JASON VACHY
Task Force Officer, Bureau of Alcohol, Tobacco, Firearms & Explosives

SUBSCRIBED AND SWORN to before me on June 12, 2015.

_____
JEFFREY T. GILBERT
United States Magistrate Judge