UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 15 CR 350 |
| v. | |
| NATHAN DRIGGERS | Judge John J. Tharp, Jr. |

**GOVERNMENT'S OMNIBUS RESPONSE TO
DEFENDANT'S PRETRIAL MOTIONS**

The UNITED STATES OF AMERICA, by its attorney, ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, submits the following Omnibus Response to Defendant's Pretrial Motions for (1) Bill of Particulars; (2) Disclosure of Impeaching and Otherwise Exculpatory Information and Evidence; (3) Disclosure of Favorable Evidence; and (4) Discovery and Preservation of Notes. (Dkt. Nos. 116-119).[1]

I.      **BACKGROUND**

On April 12, 2015, a cargo train containing 318 firearms from the Ruger factory in New Hampshire, which were enroute to Spokane, Washington, was parked overnight at a rail yard in Chicago. While the train was parked in the rail yard, two separate burglary crews, who ended up working together, stole approximately 104 firearms from the train. The first robbery crew was comprised of defendants Terry Walker, Patrick Edwards, Dandre Moody, Frederick Lewis and

---

[1] Defendant Driggers filed his pretrial motions on February 9, 2016, and all other defendants were granted leave to join in the pretrial motions at a status hearing on June 20, 2016.

Marcel Turner. The second robbery crew was comprised of defendants Andrew Shelton, Elgin Lipscomb, and Alexander Peebles.

After stealing the firearms from the train, both robbery crews took all of the firearms to a nearby residence and distributed the stolen firearms to all of the robbery crew members, with each individual receiving approximately 13 stolen firearms.

After the robbery, Defendant Driggers met with codefendants Terry Walker, Frederick Lewis, and Marcel Turner at his business located at 12719 S. Halsted, Chicago, Illinois. Driggers purchased approximately 30 of the stolen firearms from defendants Walker, Lewis and Turner, in exchange for approximately $8,000.

After the robbery, Defendant Gates purchased approximately seventeen of the stolen firearms from defendants Peebles and Lipscomb.

The defendants were all charged with a combination of charges including possession of a firearm by a prohibited person, in violation of Title 18, United States Code, Section 922(g), possession of a stolen firearm, in violation of Title 18, United States Code, Section 922(j), and cargo theft, in violation of Title 18, United States Code, Section 659.

## II.   DEFENDANT'S MOTION FOR BILL OF PARTICULARS.

Defendant's motion for a bill of particulars makes a total of 11 specific requests which the defendant states fall into two categories. The first is to identify the individuals/co-conspirators "that are allegedly transferred possession of the firearms to Driggers." (Motion, at 3). The second category relates to requests that the government "identify the firearms it alleges Mr. Driggers was in possession of."

*Id.* For the reasons stated below, the defendant is not entitled to a bill of particulars based on these demands. However, as also explained below, the government has provided the defendant with all material in its possession that is responsive to his category one requests, and to the extent possible, has provided him with all information regarding category two requests.

"The test for whether a bill of particulars is necessary is whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial." *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981); *accord United States v. Vaughn*, 722 F.3d 918, 927 (7th Cir. 2013). "[A]n indictment that includes each of the elements of the charged offense, the time and place of the accused's allegedly criminal conduct, and a citation to the applicable statute or statutes is sufficient to meet that standard." *Vaughn*, 722 F.3d at 927.

The indictment in this case satisfies each of these criteria. Count 8, which charges Driggers with possession of a firearm by a prohibited person, provides the defendant with the exact date of his possession of the firearms, the location of his possession, and specifically identifies one of the over 30 firearms the defendant possessed on that day. The Count also identifies the specific statute defendant's conduct violates. That is sufficient.

Count 9 charges the defendant with possession of a stolen firearm and again provides the defendant with the exact date of his possession, the location of his possession, and specifically identifies one of the over 30 firearms the defendant

possessed on that day. Count 9 also identifies the specific statute the defendant's conduct violates. That is sufficient. Moreover, as explained below, the discovery previously provided in this case addresses the defendant's specific requests for additional information.

Defendant demands more details, but he is not entitled to more. A defendant only has a constitutional right to know the offenses with which he is charged, not "the details of how it will be proved." *Kendall*, 665 F.2d at 135. Thus, a bill of particulars may not be used to obtain evidentiary details about the government's case. *See United States v. Glecier*, 923 F.2d 496, 501 (7th Cir. 1991). And "a bill of particulars is unnecessary if the information the defendant seeks is readily available through alternate means such as discovery." *Vaughn*, 722 F.3d at 927.

The government has disclosed in discovery all of the information currently in its possession that will be part of the government's evidence at trial. That discovery includes all of the serial numbers and make and model information of all the firearms stolen in this case, including the 30 the defendant purchased. The discovery also included the defendant's criminal history which established that he is a convicted felon and thus prohibited from possessing any firearms.

The defendant also received the grand jury statements of the three cooperating defendants which give specific detail regarding the defendant's purchasing of the 30 stolen firearms from defendants Walker, Lewis, and Turner, including the total amount paid by the defendant. The government produced these witness statements, including Jencks Act material, well in advance of the statutory

deadline. *See* 18 U.S.C. § 3500. And the government has, and will continue to, comply with all discovery deadlines the court imposes.

The defendant's request for the United States to identify the specific 30 firearms, of the 104 stolen, that he purchased in this case in meritless. The government will prove that approximately 104 firearms were stolen by this crew from a known shipment of firearms. The government will prove that all 104 firearms travelled in interstate commerce. The government will prove that the defendant purchased approximately 30 of the stolen 104 firearms, knowing, or having reasonable cause to believe, that those 30 firearms were stolen. The government is not required, and would not likely be able to identify the specific 30 firearms, of the group of 104 that were stolen, that the defendant purchased. However, the government is not required to prove this as that is not an element of the offenses the defendant is charged with.

The information Driggers needs to prepare for the government's case at trial is in the indictment and the discovery materials. Driggers is not entitled to a bill of particulars.

## III.    Defendant's Motion for Disclosure of Impeaching and Otherwise Exculpatory Information And Evidence.

The government is aware of its obligations under *Giglio v. United States*, 405 U.S. 150 (1972), and *Brady v. Maryland*, 373 U.S. 83 (1963). All material to which defendant is entitled pursuant to *Giglio*, *Brady*, and 18 U.S.C. § 3500 has been produced. Should any additional materials come to the government's attention thereafter, it will be produced in a timely fashion to defendant.

IV.     **Defendant's Motion for Immediate Disclosure of Favorable Evidence.**

The government is aware of its obligations under *Giglio v. United States*, 405 U.S. 150 (1972), and *Brady v. Maryland*, 373 U.S. 83 (1963), *Agurs v. United States*, 427 U.S. 97 (1976), and *United States v. Bagley*, 473 U.S. 667 (1986).  All material to which defendant is entitled pursuant to *Giglio*, *Brady*, *Agurs*, and *Bagley*, has been produced.  Should any additional materials come to the government's attention thereafter, it will be produced in a timely fashion to defendant.

V.      **Defendant's Motion for Discovery and Preservation of Agent Notes.**

As stated in its Rule 16.1 letter, the government agreed to instruct its agents to preserve any existing written notes.  The government has provided and will continue to provide final typed or written statements of its witnesses, including agents, in accordance with 18 U.S.C. § 3500.  Because the agents have incorporated their notes into official reports that have been provided to the defendant, defendant is not entitled to production of the original notes.  *See United States v. Muhammed*, 120 F.3d 688, 799 (7th Cir. 1997).

**VI.  CONCLUSION**

For the foregoing reasons, this Court should resolve defendant's motions in the manner discussed above.

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By:    s/Christopher V. Parente
CHRISTOPHER V. PARENTE
Assistant United States Attorneys
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-2447

Dated: June 27, 2016