

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
3-24-17
MAR 24 2017
JUDGE JOHN J. THARP, JR.
UNITED STATES DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 15 CR 350 |
| v. ) | |
| ) | Judge John J. Tharp, Jr. |
| ANDREW SHELTON ) | |
| a/k/a "Manki" ) | |

## PLEA DECLARATION

1. Defendant ANDREW SHELTON, a/k/a "Manki", after consulting with his court-appointed attorney, Gregory T. Mitchell, knowingly and voluntarily enters a plea of guilty to Count One and Count Two of the Third Superseding Indictment.

2. The third superseding indictment in this case charges defendant ANDREW SHELTON with possession of a firearm by a prohibited person, in violation of Title 18, United States Code, Section 922 (g)(1) (Count One) and possession of a stolen firearm, in violation of Title 18, United States Code, Section 922(j) (Count Two).

### Factual Basis

3. Defendant will plead guilty to Counts One and Two because he is in fact guilty of the charges contained in Count One and Two of the third superseding indictment and admit the following facts:

- During the early morning of April 12, 2015, at Chicago, in the Northern District of Illinois, Eastern Division, defendant, having been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess, in and affecting

1

A.S.

commerce, firearms contained in boxes, stolen from a railroad car that same morning, on April 12, 2015. Defendant further admits that the boxed firearms had traveled in interstate commerce prior to defendant's possession of the firearms, in violation of Title 18, United States Code, Section 922(g) (1).

- Specifically, on April 12, 2015, at approximately 1:30 a.m., defendant traveled to an area near 8000 and South Chicago Avenue to burglarize railroad box containers as the train stopped briefly in the rail yard. Defendant suspected that merchandize such as designer shoes, leather clothing, electronics and household goods were being shipped by train and likely stored inside the railroad box containers. While searching inside the railroad containers, defendant learned that a container on the railroad had several boxes of "guns" inside one of the railroad box containers. Defendant thereafter helped steal and unload several boxes of guns identified inside the railroad box container. Defendant also placed several of the boxes of the stolen guns into a vehicle to transport away from the rail yard.

- After the stolen guns were transported away from the rail yard, defendant knowingly took possession and received approximately thirteen (13) of the stolen guns as payment for assisting in the removal and transport of the several boxes of the stolen guns from the railroad box container. Defendant took possession and control of these thirteen (13) stolen guns on the morning of April 12, 2015, knowing that the guns had been shipped in interstate commerce and knowing that guns had been stolen, in violation of Title 18, United States Code, Section 922(j).

2

A.S.

- All thirteen (13) stolen guns accepted and received by the defendant were quickly sold.

## Maximum Statutory Penalties

4. Defendant understands that the charges to which he is pleading guilty carry the following statutory penalties:

   a. Count One carries a maximum sentence of 10 years' imprisonment; a maximum fine of $250,000, and a maximum term of supervised release of not more than three years.

   b. Count Two carries a maximum sentence of 10 years' imprisonment; a maximum fine of $250,000, and a maximum term of supervised release of not more than three years.

   c. In accord with Title 18, United States Code, Section 3013, the district must also assess $100 on each count, in addition to any other penalty imposed.

   d. Therefore, under the counts to which defendant is pleading guilty, the total maximum sentence is 20 years' imprisonment, a total maximum fine of $500,000, a period of supervised release on no more than three years, and a special assessment of $200.

## Sentencing Guidelines Calculations

5. Defendant understands that in determining an appropriate sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible

3

departures under the Guidelines, and other sentencing factors under 18 U.S.C. §3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

6. For purposes of calculating the Sentencing Guidelines, defendant submits the following:

    a. **Applicable Guidelines.** The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2016 Guidelines Manual.

    b. **Offense Level Calculations.**

<u>Count One</u>

    i. The base offense level for the charge in Count One of the indictment is 14, pursuant to Guidelines §2K2.1(a)(6) because the defendant was a prohibited person at the time the defendant committed the instant offense;

A.S.

ii. Because the number of firearms defendant received and took possession of was between 8-24, the base offense is increased four (4) levels pursuant to § 2K2.1(b)(1)(B).

iii. Because the defendant possessed the firearms in connection with another felony offense, the offense level is increased by four(4) levels, pursuant to Guideline §2K2.1(b)(6)(B);

iv. Because the defendant engaged in the trafficking of the thirteen firearms, the offense level is increased by four (4) levels, pursuant to Guideline §2K2.1(b)(5).

v. Because the firearms involved in the offense were stolen, the offense level is increased by two levels, pursuant to Guideline §2K2.1(b)(4)(A).

**Count Two**

vi. The base offense level for the charge in Count Two of the indictment is 14, pursuant to Guidelines §2K2.1(a)(6) because the defendant was a prohibited person at the time the defendant committed the instant offense;

vii. Because the number of firearms defendant received and took possession of was between 8-24, the base offense is increased four (4) levels pursuant to § 2K2.1(b)(1)(B).

viii. Because the defendant possessed the firearms in connection with another felony offense, the offense level is increased by four (4) levels, pursuant to Guideline §2K2.1(b)(6)(B);

ix. Because the defendant engaged in the trafficking of the thirteen firearms, the offense level is increased by four (4) levels, pursuant to Guideline §2K2.1(b)(5).

5

H.S.

## Grouping Under Guideline §3D1.2

x. Pursuant to Guideline §3D1.2(d), the Counts One and Two are grouped together.

xi. Pursuant to Guideline §3D1.3, the offense level for the group is 28, which is the highest offense level of the counts in the Group;

xii. Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline §3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

xiii. In accord with Guidelines §3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline §3E1.1.(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

A.S.

c. **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known, defendant's criminal history points equals 13, and defendant's criminal history category is VI:

i. On May 23, 2000, defendant plead guilty to three (3) separate, pending burglary charges: Case No. 1999CR0473501; Case No. 1999CR0608501; and Case No. 1999CR2195001, all pending in the Circuit Court of Cook County. As a result of defendant's guilty plea to all pending charges, the court agreed to sentence defendant to four years' imprisonment on all charges. Pursuant to §4A1.1(a) and §4A1.2(a)(2), defendant receives a total of nine (9) criminal history points because defendant was convicted and sentenced for three separate burglary convictions, each of which had been charged separately;

ii. On or about December 1, 2005, defendant was convicted of possession of burglary tools in the Circuit Court of Cook County and sentenced to one year imprisonment. Pursuant to Guideline §4A1.1(b), defendant receives two (2) criminal history points for this conviction;

iii. On or about February 23, 2012, defendant was convicted of leaving the scene of an accident and driving on a suspended license in the Circuit Court of Cook County and sentenced to 200 days' incarceration for each offense. Pursuant to Guideline §4A1.1(b) defendant receives two (2) criminal history points for these convictions.

d. **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known, the anticipated offense level is 25, which, when combined with the anticipated criminal history category of VI, results in an anticipated advisory Sentencing

A.S.

Guidelines range of 110-137 months imprisonment, in addition to any supervised release, fine, and restitution the Court may impose.

  e. Defendant and his attorney acknowledge that the above Guideline calculations are preliminary in nature, and are non-binding predictions upon which he may rely. Defendant understands that further review of the facts or applicable legal principles may lead the Court to conclude that different or additional Guideline provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of this Plea Declaration is not contingent upon the probation officer's or the Court's concurrence with the above preliminary calculations, and defendant shall not have a right to withdraw his plea of guilty to Count One on the basis of the Court's rejection of these preliminary calculations.

## Agreements Relating to Sentencing

7. The government has made no promise to recommend any sentence and the government was not requested to agree with the preliminary calculations submitted by the defendant in this declaration.

A.S.

8. It is understood by the defendant that the sentencing judge need not accept any sentencing calculations proposed by the defendant or the government, and in reliance solely on defendant's voluntary guilty plea as outlined in this Plea Declaration may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation as outlined and proposed, defendant will have no right to withdraw his voluntary guilty plea.

9. Defendant agrees to pay the special assessment of $200 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

**Presentence Investigation Report/Post-Sentence Supervision**

10. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope and extent of defendant's conduct regarding the charge against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

11. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline §3E1.1 and enhancement of his sentence for obstruction of justice under Guideline §3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

9

*H.S.*

## Acknowledgments and Waivers Regarding Plea Declaration

### Nature of Plea Declaration

12. This Plea Declaration is entirely voluntary and fully addresses defendant's criminal liability in case number 15 CR 350.

### Waiver of Rights

13. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

    a. **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charge against him, and if he does, he would have the right to a public and speedy trial.

        i. The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

        ii. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

        iii. If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt. The jury would have to agree unanimously before it could return a verdict of guilty or not guilty.

10

*A.S.*

    iv. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

    v. At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

    vi. At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

    vii. At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

  b. Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs. Defendant further waives the right to appeal his guilty plea. Defendant, however, preserves the right to appeal any sentence ultimately imposed by the district court and/or to file an appeal alleging ineffective assistance of counsel related to the voluntariness of defendant's decision to plead guilty as outlined in this Plea Declaration or counsel's ineffectiveness to present reasonable arguments related sentencing. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

14. By entering this plea of guilty, defendant also waives any and all right the defendant may have, pursuant to 18 U.S.C. §3600, to require DNA testing of any physical evidence in the possession of the Government. Defendant fully understands that, as a result of this waiver, any

11



physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

## Conclusion

15. Defendant understands that this Plea Declaration will be filed with the Court, will become a matter of public record and may be disclosed to any person.

16. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Declaration to cause defendant to plead guilty.

17. Defendant acknowledges that he has read this Plea Declaration and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Declaration.

DATE: 3/20/17

_____ AS.
ANDREW SHELTON
Defendant

_____
GREGORY T. MITCHELL
Attorney for Defendant

A.S.